### No. 5807.
### First Circuit.

---

### HOGAN v. GULF LUMBER COMPANY.

(January 28, 1926.   Opinion and Decree.)
(March 2, 1926.   Rehearing Refused.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 160 (j).**

Where the preponderance of evidence is that an injured employee suing under the Workmen's Compensation Act No. 20 of 1914 did not receive the injuries complained of while in the employment of the defendant as alleged in his petition, the defendant is not responsible under the act.

Appeal form the Eleventh Judicial District Court, Parish of Vernon, Hon. Hal. A. Burgess, Judge.

Action by Henry Hogan against the

Gulf Lumber Company for recovery of compensation under Section 8, Subsection 1(a), of the Workmen's Compensation Act No. 20 of 1914.

There was judgment for plaintiff in part and defendant appealed.

Judgment reversed.

Fern M. Wood of Leesville, attorney for plaintiff, appellee.

Thompson and Ferguson of Leesville, attorneys for defendant, appellant.

ELLIOTT, J. The plaintiff, Henry Hogan, alleges that on · or about August 1, 1924, while in the employ of the Gulf Lumber Company and engaged in grading lumber, he was struck in his extreme lower abdominal region by a plank. That the blow injured him, as set forth in his petition, causing a large swelling of the part mentioned. That an operation became necessary as a result of his injury and was performed by defendant. That the operation left him with a serious adhesion and permanently disabled him from doing work of any reasonable character. He claims compensation at the rate of 65 per cent of his daily wages of $3.00 per day for a period of 400 weeks.

The defendant, Gulf Lumber Company, admits that plaintiff was employed as alleged and that a physician in defendant's employ performed an operation on plaintiff for hydrocele, but denies that plaintiff is suffering from any incapacity whatever. And if he is, denies that the incapacity was produced by or results from any injury received while working for defendant. That defendant advanced plaintiff the sum of $144.00 to enable him to live while he was suffering from hydrocele. The district judge awarded plaintiff compensation for a period as not exceeding 300 weeks, less $144.00 already paid.

Defendant appealed.

The plaintiff alleges and testifies that he was injured on August 1, 1924. He further testifies that the next morning he was swollen up and reported the matter that morning to his foremen, Geo. Postes, and showed him the condition he was in. That the foreman asked him if he would have to go to the hospital, and that he in reply said he didn't know; that he would have to see Dr. Carroll. That he went to see Dr. Carroll, and was operated on by him on August 4. That following the operation he returned home and remained there eight or nine days. That he received compensation after the operation for several months. That the operation performed by Dr. Carroll did not relieve him, and he was sent by defendant about six weeks afterwards to the hospital at LeCompte and was operated on again by Dr. Scott. Dr. Scott testifies that his examination of plaintiff disclosed the existence of a scar of the previous operation and small recurrence of the same trouble, and on account of which he performed another operation on plaintiff. The plaintiff testifies that he told all the physicians who examined him that his private parts had been injured by the blow of the plank; but Dr. Carroll and four other physicians claim that they examined plaintiff and that he told them at the time that the plank had struck him near the umbilicus, and six physicians, all who testified in the case, state that a blow at that place where he indicated that he had been struck would not have produced hydrocele.

Plaintiff is not only contradicted by five physicians as to his statement to them in the matter of the place where the plank struck him, but Dr. Carroll says that when

plaintiff first came to see him, following the alleged injury, that he informed him that he had been getting into that condition for two or three months. That it was only after he had operated on him and some time had elapsed that plaintiff came back and then claimed to him that he had been hit around the umbilicus by a plank. All the physicians are agreed that a blow received on the part alleged to have been injured on the 1st of August would not have produced hydrocele on August 4th, but that a longer time was required in order that hydrocele might develop. The defendant by answer and evidence disputed plaintiff's claim that he was injured. Defendant's evidence on the subject invited and opened for evidence in rebuttal corroborating and supporting plaintiff's claim in that respect. Plaintiff could have called his foreman, George Postes, who had, so plaintiff testified, seen his condition and heard him complain of his injury the next morning after it had occurred; but he did not call this supporting witness and offers no explanation for his failure to do so.

The plaintiff also testifies that he is unable to work and that he has not worked because not able since his injury. He was questioned very closely on that subject by defendant and asked if he did not work continuously in the same work in which he had been previously engaged from October 27 to February 10, and receive therefor $3.00 for each work day. Plaintiff for answer contends that he tried to work and did work two or three days, but that he really did not work because he was unable. His answers do not negative the payment about which he was questioned. A witness for defendant testified without qualification that according to defendant's accounts the plaintiff did work grading lumber from October 27 to February 10 and received $3.00 per each

work day during that time. Plaintiff took the stand in rebuttal, but does not deny the statement of this witness. And he could have called his foreman or any fellow workman and showed in rebuttal, if such had been true, about how much time he worked and his condition, as it appeared to them at the time, but he did not do that; it therefore appears to us that the evidence decidedly preponderates in favor of the defendant.

It is proved that defendant paid compensation amounting to $144.00, and the plaintiff urges the fact as an admission supporting his claim. The payment supports his claim, but it is not conclusive as to his right to recover under the law. Plaintiff was sick and disabled for months, and an employer is almost bound to assist his employee in such a situation, no matter whether the employee is really entitled to it under the law or not. The second clause of Section 28 of the Employees' Liability Act, which reads, "In determining whether or not an employer shall be exempt from and relieved from paying compensation because of injury sustained by an employee for causes and reasons set forth in this section, the burden of proof shall be upon the employer," has been considered. It is our opinion that the evidence heavily preponderates in favor of the contention that plaintiff's trouble in its origin and the hydrocele, on account of which two operations have been performed on him, were not due to, nor caused by any injury received by plaintiff in the employment of defendant as alleged in his petition; but in some other way not disclosed by the evidence. It is our conclusion that the defendant is not responsible therefor and that the District Judge erred in holding that such was the case and in condemning defendant to pay compensation under the law. For the above

reasons the judgment appealed from is erroneous and contrary to the law and the evidence.

The judgment appealed from is therefore annulled, avoided and set aside and the demand of the plaintiff is refused and rejected at his cost in both courts.